UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHINEDU ENIGWE, <br><br> Plaintiff, <br><br> v. <br><br> CLYDE GAINEY, et al., <br><br> Defendants. | CIVIL ACTION <br><br> No. 10-684 |

**MEMORANDUM**

Three motions are now pending before the court in this matter: plaintiff Chinedu Enigwe's Motion for Default Judgment as to Warden Clyde Gainey (Docket No. 31); defendant Prison Health Services, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Docket No. 33); and defendant Clyde Gainey's Motion to Dismiss (Docket No. 35). For the reasons that follow, the plaintiff's motion for default judgment will be denied, and both defendants' motions to dismiss will be granted.

**I. Background**

Chinedu Enigwe, proceeding *pro se*, filed a Complaint against Clyde Gainey and Prime Care Medical, Inc. on March 2, 2010 (Docket No. 3). On April 13, 2010, Enigwe filed a motion to amend the Complaint to replace Prime Care Medical, Inc. with a new defendant, Prison Health Services, Inc. ("PHS") (Docket No. 13). The proposed Amended Complaint was attached to the motion; it included both a new defendant and

1

new substantive allegations.  The motion to amend was granted on April 16, 2010 (Docket No. 15), and the proposed Amended Complaint became the operative pleading.[1]  Prime Care Medical was dismissed as a defendant by stipulation of the parties on May 12, 2010 (Docket Nos. 16, 17).

According to the allegations of the Amended Complaint, Enigwe was detained at the Curran-Fromhold Correctional Facility ("C.F.C.F.") in Philadelphia, Pennsylvania, for ten days in March 2008.  During his detention, Enigwe's "asthma pump was stored with his property and the intake nurse refused to allow him to take it with him. . . .  All repeated efforts to get [the] staff at the jail to get his pump [were] to no avail."  As a result, Enigwe alleged that he was exposed at C.F.C.F. to "the continued life threatening real possibility of an asthma attack that he feared he could suffer without his pump."  Enigwe did not allege that he actually suffered an asthma attack, though he did claim that "on two occasions while locked up in the quarantine section of the jail, he experienced difficulty breathing and suffered nausea, weakness, and intense headaches."  The causes of action included both an Eighth Amendment constitutional claim, brought pursuant to 42 U.S.C. § 1983, and medical negligence.

As to the named defendants, the Amended Complaint alleged that Clyde Gainey

---

[1] Enigwe also filed another document styled "Amended Complaint" on March 10, 2010 (Docket No. 6).  That filing, as docketed, included only two pages and appeared to be identical to the initial Complaint.  For simplicity, I will refer to Enigwe's April 13, 2010, proposed Amended Complaint as "the Amended Complaint."

was the warden of C.F.C.F. and "was responsible for Plaintiff's well being . . . but he failed to train his medical staff and correctional officers on how to respond to prisoners with special medical needs." PHS was alleged to be the provider of medical services at the facility and was said to be "responsible" for exposing Enigwe to the possibility of an asthma attack. The Amended Complaint also alleged that the "reckless disregard, and deliberate indifferen[ce]" of the medical staff at C.F.C.F. "must be attributed to" PHS.

PHS filed a Motion to Dismiss the Amended Complaint on July 12, 2010 (Docket No. 19). On April 6, 2011, I issued an Order granting the motion to dismiss, without prejudice, as to PHS (Docket No. 30). In an accompanying Memorandum (Docket No. 29), I explained that

> [t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. A private corporation, such as PHS, may be sued under § 1983 for actions taken under color of state law that deprive a prisoner of adequate medical care. Because PHS is a private corporation involved in the performance of governmental functions, the type of liability to which it may be subjected is limited. Specifically, Enigwe cannot hold PHS liable in *respondeat superior* (that is, based solely on the actions of its employees). Instead, Enigwe must demonstrate that a PHS policy, practice, or custom was causally related to his ultimate constitutional injury.

Memorandum of Apr. 6, 2011, at 3 (citations and internal quotation marks omitted). Enigwe had not alleged, in the Amended Complaint, that any policy, practice, or custom of PHS was causally related to his claimed constitutional injury.

On April 27, 2011, Enigwe filed a Second Amended Complaint (Docket No. 32).

3

PHS filed a Motion to Dismiss Plaintiff's Second Amended Complaint on May 9, 2011 (Docket No. 33), and Enigwe submitted a Response in opposition to PHS's motion on May 23, 2011 (Docket No. 34).

On April 27, 2011, Enigwe also filed a Motion for Default Judgment against Warden Clyde Gainey (Docket No. 31). Enigwe had previously requested an entry of default against Gainey on October 20, 2010 (Docket No. 26). Gainey filed a Motion to Dismiss the Second Amended Complaint on July 5, 2011 (Docket No. 35), and Enigwe submitted a Response in opposition on July 26, 2011 (Docket No. 37). All of the pending motions are now ripe for disposition.

## II. Discussion

**A.     Plaintiff's Motion for Default Judgment**

The entry of default judgment is governed by Rule 55(b) of the Federal Rules of Civil Procedure. That rule specifies that the Clerk of the Court may enter default judgment in certain limited circumstances under Rule 55(b)(1); when those circumstances are not met, a default judgment may only be entered by the court, under Rule 55(b)(2). *See generally Byrd v. Keene Corp.*, 104 F.R.D. 10, 11-12 (E.D. Pa. 1984) (explaining structure of Rule 55(b)). But whether entered by the Clerk or the court, a default judgment under Rule 55(b) must be preceded by entry of a *default* under Rule 55(a). *Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Pa. 1985), *overruled on other grounds by Stranahan Gear Co., Inc. v. NL Indus., Inc.*, 800 F.2d 53, 56 (3d Cir. 1986). No default

has ever been entered in this case against Gainey. Therefore, Enigwe is not entitled to an entry of default judgment and his motion will be denied.

Alternatively, Enigwe's *pro se* Motion for Default Judgment might be construed as a request that this court order the Clerk to enter default. A district court is authorized to enter such an order. *See Kerlinksy v. Main Line Hosp., Inc.*, Civ. No. 10-4404, 2011 WL 3497303, at *1 n.3 (E.D. Pa. Aug. 9, 2011). Enigwe requested an entry of default by Gainey on October 20, 2010, but the Clerk does not appear to have acted on that request.[2]

So construed, the motion also must be denied. Enigwe sought an entry of default by Gainey for failing to plead or otherwise defend against the Amended Complaint, which was subsequently dismissed as to PHS. Enigwe then filed a Second Amended Complaint on April 27, 2011, as to both PHS and Gainey. The filing of the Second Amended Complaint rendered the earlier Amended Complaint a nullity, *see Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002), and Enigwe's request for an entry of default by Gainey as to the Amended Complaint became moot. *See, e.g.*,

---

[2]In light of the filing of the Second Amended Complaint, I do not address whether the Clerk's inaction was proper. For purposes of explanation to Enigwe as a *pro se* litigant, it is not clear that Gainey was served with the Complaint or the Amended Complaint. "Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2682, at 14 (3d ed. 1998) (footnotes omitted). Enigwe was granted leave to proceed *in forma pauperis*, and a representative of the U.S. Marshal for the Eastern District of Pennsylvania attempted to effect service on Gainey on March 10, 2010. The Process Receipt and Return for this attempt states that "the City of Phila. will not accept due to a defective caption. Returned unexecuted."

*Ozoroski v. Beard*, Civ. No. 1:08-0082, 2008 WL 1990863, at *1 (M.D. Pa. May 6, 2008) (denying motion for default judgment as moot after filing of amended complaint). The docket reflects that the Gainey was served with the Second Amended Complaint on June 27, 2011, and has now filed a timely motion to dismiss.

**B.     Defendants' Motions to Dismiss**

Both PHS and Gainey argue that the Second Amended Complaint fails to state a claim upon which relief can be granted and must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In evaluating a motion to dismiss, I must construe the complaint in the light most favorable to the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011). "[W]hen presented with a *pro se* litigant, [the courts] have a special obligation to construe his complaint liberally." *Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (internal quotation marks omitted). Even liberally construed, however, the Second Amended Complaint must be dismissed.

  **1.     Defendant PHS**

As described above, Enigwe's Amended Complaint was dismissed as to PHS because it failed to allege any practice, custom, or policy by PHS that caused Enigwe's constitutional injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). In the Second Amended Complaint, Enigwe now alleges that PHS had a "clear practice of reckless disregard and deliberate indifference to inmates' serious medical needs" and a

"failure to train its medical staff."[3]

The addition of the word "practice" to the Second Amended Complaint is not sufficient to cure the problem which led to dismissal of the Amended Complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted) (quoting Fed. R. Civ. P. 8(a)(2)). Absent any supporting factual allegations for PHS's "practice," the complaint must be dismissed for failure to state a

---

[3]For comparison, the allegations of the two pleadings are as follows.

Plaintiff's Amended Complaint ¶ 12:

> The Prison Health Services, Inc., as the medical provider and supervisor to the medical staff at C.F.C.F., is responsible for exposing Plaintiff to the continued life threatening real possibility of asthma attack that he feared he could suffer without his pump. The reckless disregard, and deliberate indifferent [sic] to Plaintiff's serious medical need by the medical staff at C.F.C.F. must be attributed to the Prison Health Services.

Plaintiff's Second Amended Complaint ¶ 10:

> The Prison Health Services, as the medical provider at the CFCF is responsible for exposing Plaintiff to the continued life threatening real possibility of asthma attack that he feared he could suffer without his pump. This is specifically because of its clear practice of blatant disregard and deliberate indifference to inmates' serious medical needs, and also for failure to train its medical staff to know how to deal with inmates [sic] serious medical needs.

claim as to PHS. *See, e.g.*, *Mims v. City of Phila.*, Civ. No. 09-4288, 2010 WL 2077140, at *9 (E.D. Pa. May 19, 2010) (dismissing complaint that alleged that defendant municipality "permitted, encouraged, tolerated, ratified, and was deliberately indifferent to a pattern, practice, and custom of discrimination, harassment, and retaliation").

Nor is the threadbare allegation that PHS had a "failure to train its medical staff" sufficient to state a claim for a violation of Enigwe's constitutional rights. As with Enigwe's allegation of a "practice," the allegation of a failure to train is made without offering any supporting factual allegations. That alone is not enough to state a claim.

### 2. Defendant Gainey

The Second Amended Complaint must be dismissed with respect to Gainey for similar reasons. The pleading alleges that Gainey "was responsible for Plaintiff's well-being while he was detained at CFCF but he failed to train his medical staff and correctional officers on how to respond to prisoners with special needs."

Because a government defendant cannot be held vicariously liable under 42 U.S.C. § 1983 for the conduct of others, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 71 (3d Cir. 2011) (internal quotation marks omitted). A failure to train subordinate employees can constitute the necessary individual conduct, but only if "the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact."

8

*Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999). No facts are alleged in the Second Amended Complaint to support to Enigwe's claim that Gainey failed to train employees who violated Enigwe's constitutional rights, let alone that Gainey's failure amounted to deliberate indifference to those rights. "[N]aked assertion[s]" without "further factual enhancement" are insufficient to state a claim. *Twombly*, 550 U.S. at 557.

**C.     Leave to Amend**

"[I]f a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). An amendment would be inequitable when, among other things, the plaintiff has demonstrated a "repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see, e.g.*, *Jones v. ABN AMRO Mortg. Grp., Inc.*, 551 F. Supp. 2d 400, 412 (E.D. Pa. 2008) ("Plaintiffs have already amended their complaint twice. The court finds no indication that repleading would correct the defects in their claims."), *aff'd*, 606 F.3d 119, 125-26 (3d Cir. 2010).

As in *Jones*, Enigwe has already amended the complaint twice. It is reasonable to surmise that if he had any "further factual enhancement" for his constitutional claims, it would have surfaced by now—particularly as he was on notice of the pleading problems of the Amended Complaint after it was dismissed for failure to state a claim. Enigwe is not entitled to a third bite at the apple. Accordingly, in the accompanying order, the

9

defendants' motions to dismiss will be granted with prejudice as to all of Enigwe's federal constitutional claims.

Both of the defendants' motions to dismiss address only the federal constitutional claims in the Second Amended Complaint. The Second Amended Complaint also raises a claim of medical negligence. In granting the defendants' motions to dismiss, I decline to retain supplemental jurisdiction over that state-law claim. 28 U.S.C. § 1367(c)(3). Enigwe remains free to pursue whatever remedies may be available to him in state court for the alleged medical negligence.